

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00464-CV

IN THE INTEREST OF R. R., A MINOR
CHILD

----------

FROM THE COUNTY COURT AT LAW OF HOOD COUNTY
TRIAL COURT NO. CL213104

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant C.R. (Mother) appeals the trial court's order granting Appellees

managing conservatorship of R.R. (Child), C.R.'s child. We affirm.

----

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

On August 1, 2012, Mother moved in with Appellees, whom she had never met, because she was pregnant and had no place to stay. Mother told Appellees that she "wasn't ready to be a mother, and that she hasn't got . . . the wild 20's out of the way." While living with Appellees, she invited men over to have sex, trying to induce labor. Mother gave birth to Child in November 2012.[2] Within two months, Mother tried to give Child to guests at a New Year's party. Mother rarely bathed, changed, or fed Child. She yelled at Child for keeping her up at night, threw Child for spitting up on her, and left Child alone to take walks. On the only occasion Mother had sole care of Child for more than one day, Child contracted a urinary-tract infection and was taken to the hospital.

While staying with Appellees, Mother twice admitted herself into a psychiatric unit. During her second admission, Mother told the nurse that she felt like committing suicide while holding Child in her arms. She told Appellees that she has had suicidal thoughts her entire life and that she suffered from post-traumatic stress disorder. Mother claimed that some of her psychological problems were caused by the rape trial; however, she had a long history of mental instability.

---

[2]Mother alleged that she was raped, resulting in her pregnancy, and a trial was set for February 25, 2013. But DNA evidence later exonerated the only suspect for the crime. Child's father remains unknown.

On February 19, 2013, Mother signed an affidavit transferring her parental rights to Appellees. The affidavit was irrevocable for sixty days and stated that Mother agreed it was in Child's best interest to live with Appellees. In March 2013, Mother moved to Killeen, and Child has lived with Appellees since then. After moving, Mother never attempted to visit Child, rarely asked about Child's condition, and asked Appellees to stop sending her so many pictures of Child because the pictures used too much of her phone's data plan.

On May 6, 2013, Appellees filed a suit affecting the parent–child relationship, seeking to be named sole managing conservators of Child. Two weeks later, Mother revoked her affidavit relinquishing her parental rights and contested the suit. At trial, Mother testified that she had never held a job and lived off Social-Security disability payments and her current boyfriend. She was living with her boyfriend and was pregnant with their child. Although Mother admitted a lack of parenting skills and experience, she had not started any type of parenting classes. Mother admitted that Appellees have taken good care of Child, who has bonded with Appellees' family.

The trial court found that it would be in Child's best interest to appoint Appellees as joint managing conservators. Mother now appeals and asks this court to reverse the trial court's order and to appoint her as sole managing conservator.

3

### III. DISCUSSION

Mother raises two issues on appeal. First, she argues that the trial court abused its discretion because it failed to enter specific findings of fact and conclusions of law. Second, she argues that the trial court abused its discretion because the evidence was insufficient to rebut the parental presumption.

#### A. STANDARD OF REVIEW

We review a trial court's order of managing conservatorship for an abuse of discretion. *Critz v. Critz*, 297 S.W.2d 464, 469 (Tex. App.—Fort Worth 2009, no pet.). Legal and factual sufficiency are not independent grounds of error in conservatorship cases but are relevant factors in deciding whether the trial court abused its discretion. *Newell v. Newell*, 349 S.W.3d 717, 720–21 (Tex. App.—Fort Worth 2011, no pet.). A trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to guiding principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). A trial court also abuses its discretion when it does not analyze or apply the law properly. *Iliff*, 339 S.W.3d at 78. When the trial court bases its decision on conflicting evidence or when some substantive, probative evidence exists to support the judgment, the trial court does not abuse its discretion. *Id.*

#### B. SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW

First, Mother argues that the trial court abused its discretion by not entering specific findings of fact and conclusions of law supporting the judgment. In a county-court case heard without a jury, any party may request the court to

4

state in writing its findings of fact and conclusions of law. Tex. R. Civ. P. 296. If the trial court fails to timely file its findings and conclusions after a request, then the requesting party must file with the clerk and serve on all other parties a notice of past-due findings of fact and conclusions of law. Tex. R. Civ. P. 297. If the requesting party fails to file a notice of past due findings, the party waives the trial court's error on appeal. *Critz*, 297 S.W.3d at 472; *see also Watts v. Oliver*, 396 S.W.3d 124, 130–31 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that party waived any error arising from trial court's failure to file findings of fact and conclusions of law when party filed notice of past-due findings one day after deadline).

Here, Mother requested that the trial court file specific findings of fact and conclusions of law. Tex. R. Civ. P. 296. The trial court did not file findings and conclusions as requested, but Mother never filed or served a notice of past due findings. Because Mother did not timely file a notice of past due findings, she waived the right to complain of this failure. We overrule Mother's first issue.

### C. PARENTAL PRESUMPTION

Mother argues in her second issue that the trial court abused its discretion because the evidence was legally and factually insufficient to rebut the statutory parental presumption. In conservatorship issues, the court's primary consideration always is the child's best interest. Tex. Fam. Code Ann. § 153.002 (West 2014). When a nonparent seeks sole managing conservatorship against a parent, the Texas Family Code presumes that appointing the parent as the

5

managing conservator is in the child's best interest. *Id.* § 153.131 (West 2014). Nonparents may rebut this presumption by showing that the appointment of the parent as managing conservator would not be in the child's best interest because it would significantly impair the child's physical health or emotional development.[3] *Id.*

As evidence, the nonparent must offer specific acts or omissions by the parent that support a logical inference that some specific, identifiable behavior or conduct of the parent will probably result in harm to the child. *Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex. 1990) (recognizing that statute requires evidence of specific acts or omissions that would result in harm to the child). There must be direct evidence either that placement of the child with the parent would significantly impair the child's physical health or emotional development or that allows the fact-finder to reasonably reach that conclusion. *In re De La Pena*, 999 S.W.2d 521, 528 (Tex. App.—El Paso 1999, no pet.). The focus is on the effect of the placement, not on the circumstances that produced the placement. *In re R.T.K.*, 324 S.W.3d 896, 902 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Acts of nonsupport, physical abuse, severe neglect, abandonment, drug or alcohol abuse, and immoral behavior can impair the child's health. *In re C.R.T.*, 61 S.W.3d 62, 67 (Tex. App.—Amarillo 2001, pet. denied).

---

[3]The Family Code provides two other methods of rebutting the parental presumption, but those methods do not apply here. Tex. Fam. Code Ann. §§ 153.131(b), .373 (West 2014).

6

The record supports the trial court's implied finding that Child's placement with Mother would significantly impair Child's physical health or emotional development. Mother has a history of mental disorders, suicidal thoughts, and postpartum depression, which she admitted may return. Also, Mother has never held a job and frequently moves. *See, e.g., In re N.L.D.*, 412 S.W.3d 810, 822 (Tex. App.—Texarkana 2013, no pet.) (holding that parental presumption was rebutted because parent had history of drug use, irresponsibility, frequent moves, and bad judgment); *C.R.T.*, 61 S.W.3d at 68 (holding that parental presumption was rebutted because parent depended on others for income, abandoned child, and was irresponsible). When Mother lived with Child, she rarely fed, bathed, changed, or helped care for Child. When she did, she became easily frustrated—yelling at Child and throwing Child on one occasion. She took long walks at odd hours, leaving Child alone, and planned to continue to do so as therapy. *Ray v. Burns*, 832 S.W.2d 431, 433–34 (Tex. App.—Waco 1992, no writ) (holding that parental presumption was rebutted because parents had unstable, disorganized, and chaotic lifestyle). After Child was born, Mother tried giving Child to acquaintances and later voluntarily transferred her parental rights to Child in favor of Appellees. After leaving Child with Appellees, she never tried to visit Child or otherwise tried to stay involved in Child's life. She never took an interest in learning to parent and has not taken any parenting classes. *See Danet v. Bhan*, No. 13-0116, 2014 WL 2896005, at *4 (Tex. June 27, 2014) (holding that parent's abandoning, failing to visit, and inconsistently

7

communicating with child constituted sufficient evidence that appointment of parent as managing conservator would impair child under section 153.131(a)). Further, Mother's sole attempt to parent Child alone resulted in Child's admission to the hospital for a urinary tract infection.

These specific acts and behaviors could have reasonably convinced the trial court that the placement of Child with Mother was not in Child's best interest because it would significantly impair Child's physical health or emotional development. The evidence in support of these findings was more than a mere scintilla and was not so weak or so contrary to the overwhelming weight of the evidence that the trial court's implied findings should be set aside. *See In re W.M.*, 172 S.W.3d 718, 724–25 (Tex. App.—Fort Worth 2005, no pet.) (holding traditional sufficiency standard applies in determining whether trial court had sufficient information upon which to exercise its discretion). In short, the trial court had sufficient information upon which to exercise its discretion. *Id.* Because the evidence supporting the trial court's implied findings was legally and factually sufficient, we hold that the trial court did not abuse its discretion by implicitly finding that appointing Mother as managing conservator would not be in Child's best interest because it would significantly impair Child's physical health or emotional development. *See, cf.*, *In re N.W.*, No. 02-12-00057-CV, 2013 WL 5302716, at *12–14 (Tex. App.—Fort Worth Sept. 19, 2013, no pet.) (mem. op.) (finding sufficient evidence to support trial court's custody determination). We overrule Mother's second issue.

## IV. CONCLUSION

Having overruled both of Mother's issues, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DELIVERED:  August 14, 2014